

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1741A
Re: Necessity of exemption certificate for persons who will be twenty-one years old after January 31st of the year in which they desire to vote.

This will acknowledge receipt of your letter requesting a reconsideration of our Opinion No. 0-1741. Your letter reads as follows:

"Please refer to your opinion No. 1741, dated December 7, 1939, addressed to Honorable Ross E. Burke, Sr., County Attorney of Goliad County, and clarify for this department the following points. The last two paragraphs of the opinion read as follows:

"'We believe that conference opinion No. 2968, supra, correctly construes the law relating to the question submitted in your inquiry and related questions, and for your convenience we enclose a copy of this opinion.

"'In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that all persons who do not reside in a city of ten thousand inhabitants or more and who became twenty-one years of age after January 31, 1940, may vote in any election held in this State provided they comply with the terms of Article 2968a, with reference to obtaining exemption certificate on or before the 31st day

© COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard, Page 2

> of January in the year in which he de-
> sires to vote, regardless of the time when
> such individual may become twenty-one
> years of age, the only requisite being
> that said person must be twenty-one at
> the time he presents himself at the polls
> to vote, and not otherwise disqualified
> to vote under the Constitution and the
> laws of this State.'

"Since the first paragraph we have quoted
states that you believed that Conference Opinion
No. 2988, supra, correctly construed the law,
and the last paragraph of that opinion states
that it was not necessary to issue exemption cer-
tificates to persons who became twenty-one years
of age in April, 1936 that resided in a city
which had a population of two thousand inhabitants
in order to entitle them to vote in the July pri-
mary 1936, it raises a question as to the specific
meaning of the last paragraph in your opinion dat-
ed December 7, 1939.

"It was held in Conference Opinion No. 2988
that Article 2969 has not been repealed. You
will notice that this article specially provides
that it will not be necessary for a person who
became twenty-one years of age after the first
day of January, and before the date of the follow-
ing election to obtain a certificate, unless he
resides in a city that has a population of five
thousand or more inhabitants. Pages 8, 9 and 10
of Opinion No. 2988 make special reference to the
provisions of Article 2969.

"Following the passage of Article 2968A, the
Tax Assessor-collectors were advised that it would
be necessary to issue an exemption certificate to
a person if he became twenty-one years of age after
January 1st of the year for which the certificate
was issued, and before February 1 of the following
year, and that it would not be necessary to issue
the certificate if the person became twenty-one
years of age after January 31 following the year

Hon. George H. Sheppard, Page 3

for which a poll tax is assessed.

"Since the court in the Goliad County case referred to in your opinion apparently held that certificates should be issued in all instances, and there is some question as to the requirements of Article 2968A, you will please advise us as soon as possible whether or not it will be necessary for the Tax Assessor-collectors to issue certificates to all persons who have become twenty-one years of age since January 1, 1939, or who will become twenty-one years of age prior to the date of an election at which the persons might desire to vote.

"If Article 2969 has not been repealed, will it be necessary for a person to obtain a certificate if his twenty-first birthday is after January 31, 1940, and he resides in a city having a population of five thousand or more inhabitants, or will the exemption apply to all persons who do not reside in a city having a population of ten thousand or more inhabitants?  You will notice that Article 2968 at one time applied to cities of five thousand or more inhabitants.  When this article was repealed so as to apply to cities of ten thousand inhabitants, Article 2969 was not repealed."

Article 2968a, Vernon's Civil Annotated Statutes reads in part as follows:

"Every person not subject to the disqualifications set out in Article 2954 of the Revised Civil Statutes of 1925 who does not reside in a city of ten thousand inhabitants or more, and who is exempt from the payment of a poll tax by reason of the fact that he or she has not yet reached the age of twenty-one years on the first day of January preceding its levy, or who is exempt from the payment of a poll tax because he or she was not a resident of the State on the first day of January preceding its levy, but who shall have since become eligible to vote by reason of length of residence or age,

Hon. George H. Sheppard, Page 4


shall, on or before the thirty-first day of
January of the year in which he or she offers
to vote, obtain from the Assessor and Collector
of Taxes for the county of his or her residence
a certificate of exemption from the payment of
a poll tax, and no such person who has failed
or refused to obtain such certificate of exemp-
tion from the payment of a poll tax shall be
allowed to vote.

"Such exempt person shall on oath state
his name, age, race, county of residence, occu-
pation, the length of time, he has resided in
the State of Texas, the length of time he has
resided in said county, and the length of time
in the city, and the number of the ward or
voting precinct in which he resides, and shall
also state his street address by name and number,
if numbered, and his or her rural address if
not a resident of a city or a village. He shall
also state the grounds upon which he claims
exemption from the payment of a poll tax, and
such information pertaining to foreign-born
citizens as is set out in the certificate here-
inafter prescribed.

"A certificate of exemption from the pay-
ment of poll tax shall be issued from a well
bound book, containing therein original and
duplicate, and upon issue the certificates issued
to the exempt voter shall be detached from said
book, leaving therein a duplicate carbon or other
copy thereof, which shall contain the same des-
cription, and the original certificate, bearing
its proper number, shall be delivered to the
citizen in person to identify him in voting.
Certificates of exemption for each precinct shall
be numbered consecutively, beginning at Number
One.

"The Tax Assessor and Collector shall place
the names of such persons who are exempt from
the payment of poll tax and who receive an exemp-
tion certificate under the terms of this Act, on
the regular list of qualified voters for each
precinct.

"No charge shall be made by the Tax Assessor

Hon. George H. Sheppard, Page 5


and Collector for the issuance of certificates
of exemption as prescribed by this Act.

"........

"In the event the exempt voter, holding
certificate under this Article, shall remove
from one voting precinct to another within the
county, he shall only be required to present
his certificate of exemption to the Tax Assessor
and Collector for endorsement, which endorsement
shall show the date of removal, and the date of
endorsement, the new address and precinct to
which such voter has removed, which endorsement
shall be under seal and signed by the County
Tax Assessor and Collector.

"In the event the exempted voter holding
certificate under this Article shall remove
from the county in which he resided when same was
issued, to another county in this State, he
shall be required to present his certificate
of exemption to the Assessor and Collector of
taxes of the county of his new residence for
reissue of registration and endorsement at least
twenty days before any election at which he ex-
pects to vote.

"In the event of the loss of certificate
of exemption, the voter may secure a reissue un-
der his old number by making affidavit of such
loss before the County Tax Assessor and Collector."

We quote from the case of Clark vs. Stubbs, 131
SW 2nd 663, as follows:

"Appellee challenged the votes of Nell
Rose Morrisoy, Jeff Dyer, Lillie Gibson,
Wilbur Herwig, Louise Widerbrush, Mrs. Bowman
Baxiel, Clinton Jacobs, and Willis Blackburn,
because each of them became 21 years of age
after January, 1938, and prior to November 8,
1938, and under the governing statute, there-
fore, they were not entitled to vote without
an exemption certificate. Art. 2968a, Vernon's

Hon. George H. Sheppard, Page 6

Ann. Civ. St., Acts of 1935, 44th Leg. P. 606, Chap. 292, Sec. 1, provides that each of the voters in question was required to obtain an exemption certificate before he or she would be entitled to vote. Neither of them obtained such a certificate. The statute is mandatory and these voters were not qualified to vote at the election, and the trial court correctly excluded all of such votes. Appellant contends, however, that since the caption to Art. 2968a did not specifically define the voters to whom the exemption clause related or referred, that it was unconstitutional. This is an election contest. It is not a civil suit, and the constitutionality of the statute cannot be attacked in this sort of proceeding. This court held in Trimmier v. Carlton, 264, S. W. 253, 255, that 'jurisdiction in election contests is limited to such matters as tend to show that the election 'was not properly ordered or faitly conducted, such as the failure to give notice of the time and place where the election is to be held or that illegal votes were cast thereat, or some other matter that would impeach the fairness of the result.' Bassel v. Shanklin (Tex. Civ. App.), 183 S. W. 105; McCall vs. Lewis (Tex. Civ. App.), 263 S. W. 325."

In the case of Rogers v. Smith, et al, 119 S. W. (2d) 678, the Beaumont Court of Civil Appeals held that, in an election contest, the refusal on the part of the district court hearing same to count a vote by a party who became 21 years of age before an election held on April 3, 1937, and subsequent to January 1, 1937, was not error, where such voter failed to obtain from the tax assessor and collector a Certificate of Exemption, and that such person was not a qualified voter. As authority for this holding, the court cited Article 2968a, Vernon's Annotated Civil Statutes, Acts 1935, 44th Leg., p. 686, ch. 292, Section 1.

The above quoted paragraph of our Opinion No. 1741, wherein we stated,

"We believe that Conference Opinion No. 2966, supra, correctly construes the law relating to the

Hon. George H. Sehppard, Page 7

> question submitted in your inquiry and related
> questions, and for your convenience we enclose a
> copy of this opinion."

is restricted to the question submitted in the above mention-
ed opinion. However, it was not intended to hold that persons
who became 21 years of age after January 1, 1940, and who re-
side in a city which had a population of less than 10,000 in-
habitants were not required to obtain an exemption certificate
on or before January 31, 1940, as provided for by Article
2968a, supra, to entitle them to vote in any election held in
1940 and at a time after they became 21 years of age.

In our original Opinion No. 0-1741, we said "Article
2969 is not repealed by implication by Article 2968a." This
was a quotation from Conference Opinion No. 2988, dated May
26, 1935, and was in effect overruled by our Opinion No. 0-414
dated March 17, 1939. Regardless of what may have been said
in Conference Opinion No. 2988 or in our recent Opinion No.
0-1741, the cases of Clark v. Stubbs and Rogers v. Smith,
supra, specifically hold that those persons exempt from the
payment of the poll tax by reason of non-age and residing in
a city of less than 10,000 inhabitants must obtain exemption
certificates on or before the 31st day of January of the year
in which they offer to vote. Application of the statute,
Article 2968a, is made clear by the opinions of the court in
these cases.

We believe what we have above said answers your first
question and makes it unnecessary to answer your second ques-
tion.

This opinion is limited to a construction of Article
2968a and does not in any way attempt to construe Article
2968, which applies only to residents of cities of 10,000
inhabitants or more.

Trusting that we have satisfactorily clarified our
original Opinion No. 0-1741, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED JUN 29, 1940

ATTORNEY GENERAL OF TEXAS

AW:ob

This Opinion
Modifies Opinion
# O-1741

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN